**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

**EDWIN RAMOS, et al.**

**Plaintiffs**

**v.**

**JOSE R. VIZCARRONDO, et al.**

**Defendants.**

CIVIL NO. 14-1722 (GAG)

**OPINION AND ORDER**

Defendants José R. Vizcarrondo, Linda Lebber, José A. Vizcarrondo, Julio E. Vizcarrondo Ramírez, Nellie Carrión de Vizcarrondo, in their personal capacities and with their respective conjugal partnerships; DM Group, LLC, by itself and as successor of Resort Builders LLC, Metropolitan Builders LLC, SMPC LLC, VMV Enterprises Corp., Desarrollos Metropolitanos, LLC, 3V LLC; Monterrey Leasing, LLC, TP Two LLC, Treasure Point LLC, Desarrollos Metropolitanos SE; Resort Builders SE Metropolitan Builders SE, Omega Vistamar SE; and DMI Pension Plan, Inc. seek reconsideration of the court's opinion and order of August 12, 2015 granting in part and denying in part the defendants' Motion for Judgment on the Pleadings.[1] (Docket No. 61.)

The defendants contend that the court failed to evaluate one of the bases for its motion for judgment on the pleadings, namely their argument that the plaintiffs' claims under Article 1802 of

---

[1] Also before the court is Plaintiffs' Opposition to Defendant's Motion for Reconsideration to Order on Docket 55 and Reconsideration for Claims Dismissed. (Docket No. 64.) The court construes this opposition as the plaintiffs' own motion for reconsideration. However, unlike the defendants' motion at Docket No. 55, the plaintiffs seek to relitigate claims and arguments that the court has already ruled upon in the August 12, 2015 Opinion and Order. (Docket No. 55.) In this motion, plaintiffs seek reconsideration of the court's finding that the claims under Law 17, Law 69 and Law 115 are time-barred. Because "the repetition of previous argument is not sufficient to prevail on a Rule 59(e) motion," the court will not evaluate these claims again. To the extent Docket No. 64 is intended as a motion for reconsideration, it is **DENIED**.

the Puerto Rico Civil Code are untimely. (Docket No. 29 at 23-25.) Though the court did not specifically evaluate the timeliness of the Article 1802 claim, and will do so here, the motion for reconsideration is **DENIED**. The Article 1802 claim was timely because Ramos's filing an administrative complaint tolled the applicable statute of limitations, and the subsequent court action was filed less than one year later.

**I.  Relevant Factual and Procedural Background[2]**

In this employment discrimination action, Edwin Ramos contends that the defendants discriminated against him because of his gender and age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-23; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.; the Americans with Disability Act ("ADA"), 42 U.S.C. § 1201; the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132; Puerto Rico Law No. 17 of April 2, 1988, P.R. LAWS ANN. TIT. 29 §§ 155 et seq. ("Law 17); Puerto Rico Law No. 115 of 1988, P.R. LAWS ANN. Tit. 29, § 194 ("Law 115"); Puerto Rico Law No. 65 of 1986, P.R. LAWS ANN. TIT. 29 § 185b ("Law 65"); Puerto Rico Law No. 69 of 1985, P.R. LAWS ANN. Tit. 29, § 1340 ("Law 69"); and Puerto Rico Law No. 80 of May 30, 1976, P.R. LAWS ANN. Tit. 29, § 185 ("Law 80"). (Docket No. 9-1.)

In the court's Opinion and Order of August 12, 2015, judgment was entered dismissing the claims against the defendants in their individual capacities under Title VII, the ADA, the ADEA, and Puerto Rico Law 80. Additionally, the court dismissed with prejudice the claims under Law 115, 69, Title VII, Sections 703 and 704 of the ADA and Law 17. The claims against BPPR and Nolla were also dismissed with prejudice. The court held that the remaining claims under the

---

[2] A more complete recitation of the facts may be found in the court's Opinion and Order of August 12, 2015 at Docket No. 55.

**Civil No. 14-1622 (GAG)**

ADEA alleging age discrimination and retaliation survived the Motion and gave rise to federal jurisdiction.[3] Therefore, the court also accepted supplemental jurisdiction over the plaintiff's claims under Puerto Rico law, declining to enter judgment on the pleadings on the Law 100 claim. (Docket No. 55 at 26.)

Ramos worked for the defendant companies for twelve years without ever receiving a negative performance review. (Docket No. 9-1 ¶ 35.) Simultaneously, he attended law school, and upon completion was offered a guaranteed salary of $120,000 per year to remain at the company and forego other employment opportunities. Eventually, Vizcarrondo-Carrión began to insinuate that he wanted Ramos to leave the company. (E.g., Docket No. 9-1 ¶¶ 43, 49, 54, 79.) This pressure at work began to affect Ramos's health, causing a spasm in his low back and increased blood pressure. (Docket No. 9-1 ¶¶ 56-57.) In April, 2012, Ramos came to believe that the defendants were illegally monitoring him. (Docket No. 9-1 ¶¶ 73-76.) Additionally, Ramos came to believe that his employer was spreading false information about him in order to "annihilate" his reputation, fire him, and discredit him so that no other employer would want to hire him. (Docket No. 9-1 ¶ 67.)

Ramos claims that he was constructively fired on January 28, 2013 when his authority to use the company's Starbuilder system was revoked, preventing him from performing his responsibilities relating to investments, lines of credit and bank reconciliations. (Docket No. 9-1 ¶¶ 99-100.) Ramos complained to the defendants about harassment and a hostile atmosphere at work. (Docket No. 9-1 ¶¶ 94-104.) After complaining, Ramos contends he was subjected to sexual harassment and a threatened $400 per month salary reduction and termination of retirement

---

[3] The court also noted that the defendants failed to address the ERISA claim in their motion for judgment on the pleadings. Therefore, the ERISA claim also survived the motion. (Docket No. 55 at 26 n. 7.)

3

benefits, causing him to request severance pay in exchange for his resignation from the company. (Docket No. 9-1 ¶¶ 90-91; 7-11; 24.)  On April 8, 2013, after meeting with his employers, Ramos calculated his severance, prepared and submitted his accrued vacation check, and left his office with all of his belongings. (Docket No. 9-1 ¶¶ 25-32.)  After Plaintiff resigned, Natalia Calindo, a young female CPA, assumed the duties of his vacant position. (Docket No. 9-1 ¶ 37.)

On November 4, 2013, Plaintiff filed a complaint before the Puerto Rico Antidiscrimination Unit ("ADU"). (Docket No. 9-1 ¶ 96.)  After amending the complaint, Ramos received the right to sue letter on May 15, 2014. (Docket No. 9-1 ¶ 96.)  Plaintiffs filed this complaint in court on August 1, 2014.

II.     **Standard of Review**

Motions for reconsideration are generally considered under FED. R. CIV. P. 59 or 60, depending on the time the motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).  A motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P. R. 2005).  These motions are only entertained by courts if they seek to correct manifest errors or law or fact, present newly discovered evidence, or when there is an intervening change in law. E.g. Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F. 3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World Univ., Inc., 978 F. 2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D.P.R. 1998.))  Hence, a losing party may not use a motion for reconsideration "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

### III. Legal Analysis

In their motion for reconsideration, Defendants contend that the claims under Article 1802 are time barred because filing a charge before the ADU does not toll the applicable statute of limitations. (Docket No. 29 at 23.)

Article 1802 states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done . . .". 31 P.R. LAWS ANN. Tit. 31, § 5141. Claims under Article 1802 are subject to a one-year statute of limitations, which begins to run when the injured party becomes aware of the injury and can exercise his right under the Article. P.R. LAWS ANN. Tit. 31, § 5298(2). Because Plaintiffs did not file this action until sixteen (16) months had elapsed, they must demonstrate that a tolling provision applies in order for the claim under Article 1802 to be timely.

Pursuant to the Puerto Rico Civil Code, the filing of an extrajudicial claim tolls the statute of limitations as long as it presents the identical cause of action as the claim later presented in court. 31 P.R. LAWS ANN. Tit. 31,§ 5303; see <u>Matos Ortiz v. Commonwealth of Puerto Rico</u>, 103 F. Supp. 2d 59, 62 (D.P.R. 2000). The Puerto Rico Supreme Court has established a criteria for determining whether an extrajudicial claim effectively tolls the statutory period. First, the claim must be presented within the period of limitations; second, it must be made by the creditor or his legal representative; third, the claim must be addressed to the debtor, and it must demand the same relief sought in the subsequent suit; fourth, the claim must be sufficiently "precise and specific" to alert the debtor that the claimant does not intend to forfeit the right claimed. <u>Campos-Matos v. Evanstone Ins. Co.</u>, 208 F. Supp. 2d 170, 172 (D. P. R. 2002). Therefore, "to toll the statute of limitations the action must be the case at bar, and not merely a somewhat related action arising

**Civil No. 14-1622 (GAG)**

from the same facts." Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 320 (1st Cir. 1978).

The Puerto Rico Supreme Court has clearly indicated that Article 1802 claims are tolled by the filing of an ADU complaint. Sanchez v. A.E.E., P.R. Dec. 880, 889 (P.R. 1997). In Sanchez, the court noted that the EEOC and ADU do not award damages or have the authority to compel economic compensation for injury; however, the purpose of the administrative action is to "identify the unlawfulness of a person's discriminatory conduct." Sanchez, 142 P.R. Dec. at 889. The Sanchez court cited Sriro. Del Trabajo v. F.H. Co., Inc., 116 P.R. Dec. 823 (1986) and Matos Molero v. Roche Products, Inc., 132 P.R. Dec. 470 (1993), in which ADU claims "did toll future court actions, even though neither of the two agencies has the faculty to award damages, ordering monetary redress." Sanchez, 142 P.R. Dec. at 889.

Presently, the issue of whether an ADU complaint serves to toll the one year statutory period on an Article 1802 claim is somewhat unclear.[4]  See e.g., Padilla Cintron v. Rossello Gonzalez, 247 F. Supp. 2d 48, 55 (D.P.R. 2003). It is clear that an ADU complaint serves to toll and suspend claims brought under Title VII or Law 100; however, the effect of an administrative complaint is slightly different as to claims under Article 1802. Vargas v. Fuller Brush Co. of P.R., 336 F. Supp. 2d 134, 144 (D. P. R. 2004). Though the administrative claim tolls the applicable statute of limitations, "the pendency of administrative proceedings does not prevent the

---

[4] The court notes that several cases in this District have found that filing an ADU and EEOC charge did not toll the statute of limitations under Article 1802 because the administrative agency had no jurisdiction over tort claims. E.g., Cordero-Irizarry v. Sears Roebuck of Puerto Rico, Inc., 553 F. Supp. 2d 66, 72 (D.P.R. 2007). Others have held that filing a claim with the ADU does constitute an extrajudicial claim that tolls the statute of limitations. Leon-Nogueras v. University of Puerto Rico, 964 F. Supp. 585, 587-88 (D.P.R. 1997). However, the court relies on the clear language of the Puerto Rico Supreme Court because a tolling issue is one of state law. E.g., Redondo Const. Co. v. Izquierdo, 929 F. Supp. 2d 1, 7 (D.P.R. 2012).

6

prescriptive term from running anew from the date that the administrative complaint is filed. Id. Therefore, if no further action is taken upon the expiration of the new period, the cause of action is barred. Id.; see also, Torres v. Caribbean Forms Mfr., 286 F. Supp. 2d 209, 215 (D.P.R. 2003).

In this case, Ramos's claims accrued on April 8, 2013 when he obviously considered his employment to be terminated. (Docket No. 9-1 ¶¶ 25-32, 33.) He filed his complaint with the ADU on November 4, 2013. Ramos filed the employment discrimination action in the Puerto Rico Court of First Instance on August 1, 2014, four months after the one-year statutory period expired. Therefore, the one-year statute of limitation started anew on the day of the filing of the administrative claim. As such, Ramos had until November 4, 2014 to file his court case. Because he filed on August 1, 2014, approximately three months before the new limitations period expired, the Article 1802 claim is not time-barred.

The court notes that Ramos's original ADU complaint did not specifically make a claim under Article 1802. (Docket No. 29-1 at 1.) However, the ADU complaint form did not provide a box for plaintiff to check indicating he wished to proceed pursuant to Article 1802, though it did provide such boxes for claims under Law 100, Law 69, Title VII, the ADA, Law 3, Law 44, Law 17 and Law 427. (Docket No. 29-1 at 1.) Because the purpose of the Puerto Rico law allowing extrajudicial claims to toll the applicable limitations period is primarily to notify the defendant employer of the " . . . plaintiff's intent or wish to retain and assert his right to seek damages," the court concludes that the defendants were sufficiently alerted by the ADU complaint that the plaintiffs intended to assert a claim under Article 1802 in this subsequent court action.

**Civil No. 14-1622 (GAG)**

IV. **Conclusion**

In sum, the Court **DENIES** the defendants' motion for reconsideration.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of October, 2015.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge